# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Westgate Wake Forest, LLC, d/b/a Westgate Dodge Ram of Wake Forest,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Plaza Automotive of Orangeburg, LLC<br><br>　　　　Defendant. | Civil Action No. 5:23-cv-2968-SAL<br><br>**COMPLAINT** |

Plaintiff, Westgate of Wake Forrest, LLC, d/b/a Westgate Dodge Ram of Wake Forest ("Westgate"), complaining of Defendant herein, respectfully shows unto this Honorable Court as follows:

### PARTIES, JURISDICTION AND VENUE

1.　Westgate is a limited liability company organized and existing pursuant to the laws of the State of North Carolina.

2.　Westgate is a single member limited liability company, with the single member being an individual whose citizenship is in a state other than South Carolina.

3.　Upon information and belief, Defendant, Plaza Automotive of Orangeburg, LLC ("Defendant") was, at all relevant times, a limited liability company organized and existing pursuant to the laws of the State of Florida and was, at all relevant times, authorized to and did conduct business in the County of Orangeburg, State of South Carolina.

4.Westgate is informed and believes that the member(s) comprising Defendant are citizens of a State other than North Carolina.

5.At all times relevant to this matter, Defendant was operating its business in Orangeburg County, South Carolina.

6.Westgate is informed and believes there is complete diversity of citizenship among the parties and the matter in controversy, including the principal sum, prejudgment interest, consequential damages, punitive damages and costs of this action, exceeds the sun of Seventy-Five Thousand Dollars ($75,000).  The Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332.

7.The substantial pats of the acts, events or omissions giving rise to this action occurred in this District. Venue is proper in this District pursuant to 28 U.S.C. §1391.

## BACKGROUND AND ALLEGATIONS

8.Westgate owns and operates a vehicle dealership located in or around Wake Forest, North Carolina, selling various brands of automobiles.

9.Defendant owned and operated car dealerships, and at all times relevant to this action, was doing business as Plaza Chrysler Dodge Jeep Ram, a dealership located in or around Orangeburg, South Carolina.

10.In or about January 2021, Westgate and Defendant reached an agreement to perform what is known in the automotive dealer industry as a dealer trade; a dealer trade is a transaction pursuant to which two dealerships reach agreement to effectively exchange vehicles ("Dealer Trade").

11. In the Dealer Trade at issue, Westgate and Defendant reached an agreement pursuant to which Westgate would transfer to Defendant the title ownership to a 2020 Ram 1500, bearing the VIN No.: 1C6SRFHT4LN386792 (the "Ram"). In exchange, Defendant would transfer title ownership of a different 2020 Dodge Ram 1500, bearing VIN No.: LN419436 to Westgate (the "Plaza Ram"). The Ram and the Plaza Ram included different features.

12. As is also customary in a Dealer Trade, in addition to transferring title ownership of the Ram to Defendant, Westgate likewise provided to Defendant monies in the amount of $65,873 (the "Payment'), representing the agreed upon value of the Plaza Ram, and by way of a good faith commitment to completion of the trade and in further exchange for Defendant's expeditious provision of the manufacturer's certificate of origin allowing the Plaza Ram to be placed in Westgate's inventory for sale.

13. As is also customary, and as anticipated in this Dealer Trade, upon receipt of the Ram, transferred by Westgate to Defendant, Defendant was to return the Payment, either by way of reimbursement or as a result of Defendant's failure to negotiate the Payment.

14. Westgate transferred ownership of the Ram to Defendant, and in exchange therefor, received ownership of the Plaza Ram. However, Defendant failed to return the Payment to Westgate, having negotiated the check pursuant to which Payment was made, and failing and refusing to make reimbursement of the Payment to Westgate.

15. Westgate has made repeated demand of Defendant for the return of the Payment, and despite acknowledging the responsibility to do so, Defendant has failed and refused and continues to fail and refuse to return the Payment to Westgate.

16. As a result of Defendant's act and omissions, it has breached the agreement between Westgate and Defendant and has wrongfully retained the principal sum of $65,873.00 belonging to Westgate.

## FOR A FIRST CAUSE OF ACTION
### (Declaratory Judgment)

17. To the extent not inconsistent, the foregoing paragraphs are incorporated by reference as if set forth verbatim.

18. Westgate made the Payment to Defendant, as is customarily done in a Dealer Trade, in a good faith commitment to complete the agreement reached between the parties.

19. Defendant has wrongfully retained the Payment, admitting, in a discussion between Westgate and Defendant, that it will return the Payment, if made to do so.

20. Defendant continues to refuse to return the Payment to Westgate while knowing, or having reason to know that it is not entitled to retain the Payment.

21. Westgate is informed and believes this Court should find and hold that the Payment was wrongfully retained by Defendant and that Westgate is the true and rightful owner of the Payment and, as such, the Payment must be immediately returned to Westgate, with prejudgment interest thereon, from January 20, 2021, until the date judgment is entered, and post judgment interest accruing thereon until paid.

## FOR A SECOND CAUSE OF ACTION
### (*Quantum Meruit*)

22. To the extent not inconsistent, the foregoing paragraphs are incorporated by reference as if set forth verbatim.

23. The Payment was provided by Westgate to Defendant, as is customarily done pursuant to a Dealer Trade, in order to demonstrate Westgate's good faith commitment to completion of the Dealer Trade, in accordance with the agreement between the parties.

24. Defendant, as a seasoned car dealership, knew, or should have known, that the Payment was made to demonstrate Westgate's good faith commitment to complete the agreement between the parties.

25. Defendant has knowingly and voluntarily accepted and enjoyed the benefit it received by and through Westgate's action in providing the Payment.

26. Defendant knows, or should know, that Westgate did not and would not gratuitously provide the Payment to Defendant, but rather knew, or should have known, that the Payment was to be returned to Westgate upon Westgate's transfer of ownership of the Ram to Defendant.

27. Westgate is entitled to payment and/or recovery in the principal amount of $65,873.00, plus prejudgment interest thereon, from January 20, 2021, until judgment is entered, with post judgment interest accruing thereon until paid.

**FOR A THIRD CAUSE OF ACTION**
**(Conversion)**

28. To the extent not inconsistent, the foregoing paragraphs are incorporated by reference as if set forth verbatim.

29. The Payment was made by Westgate to Defendant for a specific purpose, of which Defendant was aware, or should have been aware.

30. Upon the exchange of the Ram for the Plaza Ram, Defendant knew, or should have known that it no longer had any right to possess or otherwise retain the Payment.

31. The Payment made by Westgate to Defendant is clearly identifiable, and is a determinate sum.

32. Defendant has failed and refused to return the Payment, despite knowledge that it is not entitled to retain the payment, and despite demand for the return thereof.

33. Defendant has and continues to exercise control and right of ownership of and over the Payment, without authorization.

34. Westgate is entitled to the immediate possession of the Payment, along with prejudgment interest, and punitive damages.

35. WHEREFORE, having set forth the foregoing causes of action, Westgate prays this Court enter judgment in its favor, against Defendant, in the principal sum of $65,873.00, plus prejudgment interest thereon, beginning to accrue on January 20,2021 and continuing to accrue until paid, or converted to judgment, and for post judgment accruing thereon until paid, for punitive damages, the costs of this action and such other and further relief as this Court may deem just and proper.

*s/Cheryl D. Shoun*
Cheryl D. Shoun (Fed ID No. 4761)
cshoun@maynardnexsen.com
Rhett D. Ricard (Fed ID No. 13549)
rricard@maynardnexsen.com
MAYNARD NEXSEN PC
205 King Street, Suite 400
Post Office Box 486
Charleston, South Carolina 29401
Tel.: (843) 720.1762

*Attorneys for Plaintiff*

June 23, 2023
Charleston, South Carolina